## RUFUS KENDRICK *v.* DANIEL TARBELL, JR.

### *Debt on Bond. Arbitration. Award.*

Where parties make a submission to arbitrators, and by bond bind themselves to abide by and perform the award, the fact, that the arbitrators, in making their award, state their decision in detail upon each claim, thus making a succession of awards, will not vitiate the award.

Nor will the fact, that the arbitrators, in so making their award, do not strike the final balance, but find the balance on each claim, giving to each party the balance coming in his favor, thus leaving the final balance for matter of computation, be fatal to the award.

All reasonable presumptions will be made in favor of an award, as much as in favor of a judgment; and the party objecting to the legality of an award, must show clearly the fact of its illegality.

And where the plaintiff and defendant made their submission by bond, and the award was made in detail on each claim, the arbitrators, giving to each party the balance coming in his favor, without striking the final balance, this being matter of computation, and the plaintiff brought his suit on the bond, for non-performance of the award by the defendant, *it was held,* that his remedy was properly on the bond, and that if defendant witheld the portion of the award in his favor, the plaintiff might have judgment on that portion in his favor; and

Kendrick *v.* Tarbell.

that there was no error because the judgment was so rendered, and afterwards, (under a rule of the court,) the balance found due the defendant was deducted.

That the concerns of a partnership are not in a state to be finally settled, does not preclude the partners from making a partial settlement by arbitration.

DEBT on bond; the bond was an arbitration bond, conditioned that defendant should pay to the plaintiff the award of the arbitrators.

The defendant pleaded that it was not his deed; and also on *oyer* set out the condition of the bond, and pleaded no award.

The plaintiff in his replication set out several or a succession of awards; to which the defendant rejoined no legal award.

Trial by the jury. On the trial the plaintiff read in evidence the bond declared on; its execution being conceded. The plaintiff also read in evidence five awards, which were the successive awards described in his replication. These awards were made where plaintiff and defendant had adverse interests, in several firms with which the parties were connected.

The defendant offered in evidence two awards in his favor, which it was conceded, were made by the same arbitrators on the same submission, and as to that part of the matter between the parties therein mentioned.

It appeared, that the arbitrators made seven successive awards upon the matters submitted to them; in five of the said awards they found balances due plaintiff, and in two of the said awards balances due the defendant, but the arbitrators did not strike the final balance in the award, leaving that for matter of computation.

The defendant insisted, that the plaintiff was not entitled to recover; but the court,—COLLAMER, J., presiding,—directed a verdict and judgment for the plaintiff, for the whole amount of the awards mentioned in his replication, (being the five awards in plaintiff's favor,) under a rule, (by plaintiff's assent,) that the amount of the said awards presented by the defendant be deducted, (being the two awards in defendant's favor,) if the defendant so elects. To which decision of the court, the defendant excepted.

After judgment the defendant elected to have the amount or sum of his two awards deducted from the judgment, and it was so deducted.

The facts, in detail, more fully appear in the arguments of counsel, and the opinion of the court.

*J. S. Marcy* and *Converse & Barrett* for defendant.

I. The judgment below, for the full amount of all the awards, was erroneous.

The fact that defendant had the two awards in his favor deducted from the judgment, cannot vary the question.

The *bond* was the only writing of submission. By that it seems that only such matters "*wherein the interest of the parties was adverse,*" were submitted.

The arbitrators could only decide *matters submitted.* And the defendant is only bound to fulfill and execute a *legal award.*

1st. *Award*—The first award finds Tarbell and Spaulding indebted to D. Tarbell & Co., in $4,066,95, after deducting money in Spaulding's hands of $184,55. It gives Kendrick one third, $1,355,65, and costs $15,50.

It does not any where appear that the interest of the parties in this, was "*adverse.*"

This also left money in the hands of Spaulding, and a note due to Downer, unsettled. It makes no final decision between the parties in this matter. The award should have been in defendant's favor and against the members of the two firms.

2d. *Award*—The second award is between Kendrick, (*plaintiff*) and A. D. Hutchins & Co. The award allows plaintiff, as one third of profits, $117,51

And deducts account against plaintiff, 87,87

Balance for plaintiff, $29,64

It finds no "*adverse interest,*" and none appears.

3d. *Award*—The third award is between D. Fay & Co., and D. Tarbell, Jr., and gives damages for breach of contract, $100,00

Book account, 94,91

$194,91

This sum is awarded, as it should be, to D. Fay, & Co. The plaintiff, therefore cannot recover for it.

4th. *Award*—The fourth award *is* between D. Fay & Co., and D. Tarbell & Co.; D. Fay & Co.'s account is $7,479,01. It improperly adds the capital invested by the plaintiff in the firm of

D. Tarbell & Co., $2,147,42. It finds balance in favor of D. Fay & Co., of $105,31.

1. No " *adverse interest* " is shown. 2. The defendant is ordered to pay *D. Fay & Co.*, $70,20, it being two thirds of the $105,31. 3. The plaintiff cannot recover for this, as it was not to him, but to him and the defendant. 4. The respective rights of Tarbell, Fay and Kendrick, are not stated so that the court can do justice between them. 5. The Downer note should have been adjusted, if at all in the first award. It has nothing to do with this.

5.th *Award*—The fifth award is between R. Kendrick and D. Tarbell & Co. It allows plaintiff two thirds of $567,10, paid on the Downer note, being $378,07.

1. No " *adverse interest* " is shown. 2. The balance of Downer's note is still outstanding. 3. The copartnership is left unsettled as before the award. 4. No submission; it is not named in the bond of submission.

II. But did the parties submit all matters of difference in the cases enumerated, as well as those wherein their *interest* was *adverse?*

Their awards should have been between the different *firms* respectively in all cases. No authority is given to award in any other way; and the award must follow submission to be binding. Had the parties intended differently, they would not have named all the different firms in their submission.

III. The plaintiff cannot recover on any award to the firm of which he is a member, or when others are interested with him, this being a suit in the name of plaintiff alone.

1. Suits should have been brought on the awards by those interested, and to whom they were made. 2. Such suits can now be brought, and therefore plaintiff can recover no damage in this case.

IV. If it is insisted that defendant is bound to respond to the delinquencies of all these parties, then it is clear there should have been but one instead of seven awards or payments of awards. The balance of all the matters submitted should have been ascertained and struck by the arbitrators.

V. Bu twill it be insisted, that under the present pleadings there can be no apportionment, that the plaintiff must recover all the awards whether made to him personally or to him and others?

That the defendant, in order to secure his rights in this matter, should have demurred to the replication?

*A. P. Hunton* for plaintiff.

To the plaintiff's declaration on his bond, the defendant after setting out the condition pleads no award.

The plaintiff replies setting out a series of awards.

If the defendant had wished to raise any question as to the sufficiency of the replication, or the awards recited therein, he should have demurred. Or he might have set forth the awards not therein recited, and then demurred. *Fisher* v. *Pimbly*, 11 East. 187.

The defendant rejoins that the awards were not legal as to him, and tenders an issue to the country, which is joined.

The reason for the conclusion that they are not legal should have been stated. 1 Saunders 327, note e.

If this be an issue of law, we say the verdict was right, because the replication is sufficient.

It is therein stated that the arbitrators did award, &c., of and concerning the premises, &c., and professes to set out but a portion thereof.

There was no necessity for the plaintiff to set forth any more of the awards than were favorable to him.

But if the law be otherwise, the proof cured the defect.

If it be an issue of fact, we say the evidence required such a verdict.

It has been said that the awards are bad, because the arbitrators did not award as to the balance of the Downer note.

To this we say.

1. The award which shows there was such a balance, contains a proper direction as to the payment of it, which was all the arbitrators could do in respect to it.

But if the award as to the payment of the money by plaintiff to Downer, is to be taken alone, then we say; 2. It does not appear that there was any balance due on that note, and the presumption would be that there was no controversy about it.

But, if it should be found that the award is bad as to some of the matters, it does not follow that it is so as to others. 1. Because the matters submitted are distinct—between different parties—no

way dependent upon each other. 2. Because the terms of the submission are such as not to require it.

The condition is several as to the defendant and each of the firms. Russ. Arb. 250. 11 E. C. L. 12.

The defendant submitting for himself and his partners, are bound by the submission. Russ. Arb. 26, 27, 28.

There is no error in the judgment of the county court.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. The controlling question made in this case by defendant is, whether it is competent for the plaintiff to recover in this action the amount of awards, in favor of other parties. The only instance in which any thing is awarded to any other than the plaintiff is in the third and fourth subdivision of the award, in the controversies in the third, between D. Fay & Co., consisting of D. Fay, and Rufus Kendrick, and the defendant, Tarbell, and in the fourth division, between D. Fay & Co., and D. Tarbell & Co., the interest of which, was at the time in Kendrick and Tarbell. These matters are expressly submitted, so far as Kendrick and Tarbell had adverse interests, and that they had here, is apparent, inasmuch as Tarbell is not a member of D. Fay & Co. The bond then obliges defendant to pay this award, and the present seems the most natural and obvious reme dy, if not the only one. No doubt it is the one contemplated and provided, by the parties, in their submission. If the bond obliges the defendant to pay such awards to the plaintiff, we see no objection to his here recovering the amount of such awards. And the bond seems to us to oblige the defendant, to pay all the awards, or to pay the " *award* " against defendant, which the arbitrators should make upon the matters submitted. And these five awards are but the detail of " *the award*," which the submission seems to have contemplated, and we do not perceive how the award is, in any sense invalidated, because the decision upon each claim is stated in detail. It might not have been necessary, but it will not vitiate the award, unless it show error. Nor will it vitiate the award in our opinion, that the final balance is not struck in the award. That is matter of computation, and the judgment in this case, was based upon such computation, as we understand from the bill of exceptions. As then the payment of this award,

which is the final balance of all the particular matters passed upon, is the only mode provided in the condition of the bond, for saving the same, the defendant must do it, or be made liable upon the bond; and not having done it, he is liable, and the amount of damages is the same sum. Besure, if the arbitrators made a separate award upon each matter submitted, without stating the final balance, giving to each party the balance coming in his favor, we do not think this such a departure from the submission, as to be fatal to the award. And if the defendant had withheld his portion of the award, it might have been proper enough for the plaintiff, to have judgment on that portion in his favor. But as this judgment is for the final balance, there can be no possible objection to it upon this ground. Nor will the court reverse the judgment, because the judgment was first rendered for the whole balance due plaintiff, and the balances found due defendant subsequently deducted, even if that were erroneous, (which it is not,) because the result is the same, as if the balance had been struck, before judgment was rendered.

II. The objections to the detail of the award do not any of them appear to us fatal. And we would, in any doubt, feel bound to make all reasonable presumptions in favor of an award, as much as in favor of a judgment. And it is incumbent upon the party objecting to the legality of an award to show clearly the fact of its illegality.

1. The objection, that only matters were submitted where the parties had adverse interests and that these matters do not seem to·be of that character does not seem to us to be well founded in fact. They seem all to have been cases where the parties to the submission had adverse interests. And if there were any doubt upon that point, upon the papers in the case, the consideration, that it was so treated by the parties, before the arbitrators and by the arbitrators themselves, would seem to be altogether satisfactory, upon that point.

2. The money left in Spaulding's hands and the balance of the Downer note unpaid, it is said are not finally settled. But we do not see how it could have been any more finally determined by the arbitrators. The money in Spaulding's hands they could not get to divide, and when it should be realized, there was no dispute about the ratio of division between these parties. So too in regard

Kendrick *v.* Tarbell.

to the payment of Downer's note, the arbitrators expressly stated the ratio of obligation, to pay the amount due, by each of these parties, and that it remains unpaid in part, and is to be paid by the parties, or this is the legal inference. What more could they do? It certainly does not occur to us. And the fact that the concerns of a partnership are not in a state to be finally settled, does not preclude the partners from making a partial settlement, even by arbitration.

3. The awards, or the portions of the award, in favor of D. Fay & Co., one of whom is not party to the submission, will not bind that party if he had, at the time of the submission and award, interests distinct from the parties to this submission. They could not therefore probably maintain an action upon such awards, to which in the submission or hearing, they were not all parties. But as the bond is to pay the awards, and the plaintiff is interested in favor of the party to whom the awards are made, we see no objection to including the amount in the damages, for breach of the bond. But it does not appear but the plaintiff and defendant might have owned the interest of all the other parties, and it is stated by the arbitrators, that defendant did own the interest of Spaulding. And the parties to the submission, if they did not own the interest of the other partners must have known the law and entered into the bond understandingly and must perform it.

4. The fifth award as it is called, is upon matters strictly between Kendrick and Tarbell, as the latter owned Spaulding's interest and so comes within the terms of the submission.

As then the judgment meets the merits of the case, it does not become necessary to look into the forms of pleading which were objected to by plaintiff, as not legally raising the questions argued by defendant's counsel, at the bar.

Judgment affirmed.