Lamphire *v.* Cowan.

## JONAS G. LAMPHIRE *v.* JAMES COWAN, JR.

*Award.    Uncertainty.    Mutuality.    Finality.    Submission.*
*Partnership.*

When one article of an award is, in itself, so complete and independent of the rest of the award, that its separate enforcement would work no injustice, a party may declare and recover upon it, even though the other portions of the award are void.

If the decision is certain, uncertainty in the reasoning which led to it will not invalidate the award.

An award between partners, relating to the disposition of partnership debts and assets, may be certain though their amounts are not stated, if without such statement they are sufficiently identified.

An award that one party shall pay a stranger a debt for which both parties are bound, is valid as between the parties to the award.

An award need not always provide a method of enforcement. It is often impossible, when partnership assets and debts are apportioned. Such an award may be valid between the partners, though it does not and cannot affect the rights of the creditors or debtors of the partnership.

If by manifest implication that appear, which, if positively expressed, would render the award good, that is sufficient to support it.

(When an obligation is so thrown upon one party as to be but a portion of the consideration for the award in his favor against the other party, the performance of that obligation, if not provided for by the award, may be treated, without injustice, as a condition precedent to his recovery on the award, so that on proof of its performance he ought to recover. ) STEELE, J.

An award, which settles a partnership and divides its assets and liabilities as between the partners, and establishes their rights and duties toward each other, is mutual and final.

The submission embraced "all matters of difference." It must be presumed in absence of evidence to the contrary, that all matters passed upon by the arbitrators were matters of difference, and that all matters of difference were passed upon.

ASSUMPSIT upon an award. Plea, the general issue, and trial by the court by consent of parties at the December Term, 1866, BARRETT, J., presiding.

The plaintiff gave in evidence the award declared on, which was received subject to the objection by the defendant, that the

award did not definitely adjust and adjudicate the matters submitted, and so did not entitle the plaintiff to maintain this suit upon it, and purported to adjudicate matters not embraced by the submission, and particularly as to the Townsend oxen. Said award is as follows :

"The undersigned, to whom were submitted all matters of differences between James Cowan, Jr., and Jonas G. Lamphire, late partners, engaged in the business of cattle brokers and traders in stock, poultry, etc., after having carefully considered all accounts and statements presented by the parties, do hereby award as follows :

1. That at the date of this award there was due said Lamphire, from said Cowan, the sum of eight hundred and eight dollars and forty-nine cents, ($808.49), which sum includes the settlement for the Townsend oxen, and Mr. Cowan is relieved from liability on account of the same, as between the parties ; also the ten dollars paid to Mr. Cowdery is included in the above sum.

2. Whatever debts against said firm shall hereafter be collected of, or paid by said Lamphire, he shall have claim against said Cowan for all amounts so paid, inasmuch as all of the company property has been disposed of and said Cowan has received the avails of the same.

3. Whatever demands in favor of said firm shall be collected by said Lamphire, he shall account to said Cowan for the same.

JOHN PORTER,
SAMUEL E. PINGREE, } *Arbitrators.* "

The plaintiff was sworn as a witness, and testified ( subject to objection made by the defendant,) that the Townsend oxen had been paid for by him as the result of a trustee process brought by said Townsend, in which a note owing to the plaintiff was held by a judgment against the trustee, and said judgment had been paid in full discharge of Townsend's claim. It was not shown at what time this was done. The court so found. The objection was, that the plaintiff could not resort to proof outside of the award to aid his right of action and recovery upon the award.

The court, *pro forma*, rendered judgment for the plaintiff for the

Lamphire *v.* Cowan.

sum declared for in the first count, with lawful interest and his costs. To the decision of the court in receiving said evidence, and to the judgment rendered, the defendant excepted.

*Norman Paul* and *Andrew Tracy*, for the defendant.

I.  The award in this case is invalid, as it does not determine and settle the matters of difference between the parties to the submission. Kyd on Awards, pp. 170 and 215; *Lincoln* v. *The Whittenton Mills*, 12 Met. 31.

II.  The award is uncertain. The arbitrators have found that the defendant should pay the plaintiff a certain sum of money, naming the several claims which make up the sum total, without giving the amount of each. It also finds that the defendant shall discharge other liabilities, and pay the plaintiff other sums of money, without defining what claims or what amount he should pay. *Brown* v. *Evans*, 6 Allen, 333; *Fletcher* v. *Webster*, 5 Allen, 566; *Tippiny* v. *Smith*, 2 Strange, 1010; *Knott* v. *Long*, 2 Strange, 1011; *Schuyler* v. *Von Du Ven*, 2 Caine's, 235; *Brown* v. *Hankerson*, 3 Cowen, 70; *Waite* v. *Buney*, 12 Wend. 377; Kyd on Awards, p. 194.

III.  The award is not mutual, as it provides that Lamphire shall have a remedy for all such sums of money as may be collected of him, on the partnership account; but makes no provision for Cowan in the event that he pays claims outstanding against the firm to an amount exceeding the entire company fund.

Neither does it define or limit the number or amount of debts included in the award as passed upon, nor show whether the losses exceeded in amount the original stock in trade and profits of the firm. It merely precludes Mr. Cowan from any further remedy. 1 Greenl. Ev. 694; Kyd on Awards, p. 218; *Onion* v. *Robinson*, 15 Vt. 510.

IV.  The arbitrators exceeded their authority in attempting to adjudicate the Townsend and Cowdery claims, (which go to make up the $808.49,) between persons not parties to the submission, therefore the award does not afford any protection or security to Mr. Cowan as regards his liability on these claims. *Onion* v. *Robinson*, 15 Vt. 510.

V. Parol evidence *is inadmissible to explain or impeach an award*, neither can its terms be controlled by the oral admissions of the parties. *Clark* v. *Burt*, 4 Cushing, 396 ; *Allen et ux.* v. *Kingsbury*, 16 Pick. 235 ; *Doke* v. *James*, 4 Comstock, 567 ; *Preston* v. *Whitcomb*, 11 Vt. 47 ; *Pike* v. *Hill*, 15 Vt. 183 ; *Eastman & Paige* v. *Waterman*, 26 Vt. 494.

*S. E. & S. M. Pingree* and *J. Converse*, for the plaintiff.

The first count declares upon the first branch of the award, nor was it claimed to recover only on that branch.

If this branch of the award is valid, though every other branch is invalid and insufficient, the judgment must be affirmed.

Award may be good in part and void in part. *Rixford* v. *Nye et al.* 20 Vt. 132 ; *Giddings* v. *Hadaway*, 28 Vt. 342 ; *Blanchard* v. *Murray*, 15 Vt. 548 ; Cald. on Arb. 119, 122, 126, 128 ; *Dalrymple* v. *Whitingham*, 26 Vt. 345.

Nothing can be more *definite* than the award of $808.49 to the plaintiff as then due from the defendant. Cald. on Arb. 113, 114, 126, 128.

Courts will not *presume* that *arbitrators* exceed their jurisdiction,— travel out of the submission in their award,—on the contrary will *presume* in favor of their jurisdiction. Cald. on Arb. 102, 123 ; *Kendrick* v. *Tarbell*, 26 Vt. 416 ; *Rixford* v. *Nye et al.*, 20 Vt. 132.

There is nothing to show what was submitted except the statement in the preamble of the award. That recites that " all matters of difference" were submitted. Now can it be presumed, in the absence of all proof, that the matters in the first subdivision of the award, were not "matters of difference between the parties?" Will it be said that the second and third subdivisions are void, and are so connected with the first as to vitiate the whole award? Both branches of this proposition we deny. They are both valid and conclusive, and were authorized by the submission. They conclusively settle the rights of the parties to the partnership property, and what should be afterwards realized from the outstanding debts. This was all that there could be done. Cald. on Arb. 113, 114, 126, 128. Without their award as to these matters it might, with much force, be conten-

ded the award was imperfect and void. But if ever so defective and void, it can in no way affect this case. The first is valid, and that is the only matter in question here.

We see no force in the objection to the plaintiff's testimony. It seems to be on the ground that it explains or changes the award by parol proof. This is not so. Its only use was to show payment for the oxen. We insist, without such evidence, our right to recover was complete. With it our right could be no less conclusive.

The opinion of the court was delivered by

STEELE, J. The objections urged to the award by the defendant amount to a claim ; *first*, that the award is not certain ; *secondly*, that it is not mutual ; *thirdly*, that it is not final, and, *fourthly*, that it is not within the submission. Either of these objections, if well founded, is sufficient to render the award invalid. The action is founded upon the first article of the award, and is brought only to recover the money therein awarded as due the plaintiff from the defendant. It is doubtless competent for a party to declare upon a single article of an award, and, if that article is in itself so complete and independent of the rest of the award that its separate enforcement would work no injustice to the other party, he may recover, even though the other portions of the award are void. Caldwell on Arbitration, pages 120–1 ; *Doke* v. *James*, 4 Comstock, 567 ; *Lincoln* v. *Whettenton Mills*, 12 Met. 31 ; Kyd on Awards, p. 243, *et seq.* In this case, however, we are unable to see how the plaintiff can take any benefit from this rule, for the several articles relate to the same subject matter, the partnership between the parties, and the different parts are so commingled and mutually dependent that it would be impossible to separate them and hold one part operative and others void. The award must therefore be examined as a whole, and entirely stand or entirely fall.

1. As to *certainty*. The fact that the arbitrators have stated results without the processes which led to them does not make the award uncertain. The amounts claimed, the respective accounts of the parties, and the findings upon them, need not be stated. To make the award invalid it must be the decision which is left uncer-

tain, not the reasoning which led to the decision. So far, the meaning of this award is not left in doubt when the three articles and the recital are construed together. The substance and manifest intention of the award is, that Cowan, the defendant, shall own all the partnership assets, and pay Lamphire, the plaintiff, eight hundred and eight dollars and forty-nine cents, and also pay all the partnership debts except the debt for the Townsend oxen, and Lamphire shall relieve Cowan from any responsibility on account of that debt. Nor does the award become uncertain because it does not more fully describe the Townsend debt or state its amount. There is nothing to indicate that this description, together with the fact expressed that it was for oxen, did not clearly identify the debt. We are not left in doubt as to who was the creditor, who the debtors, or what the debt was for. Thus the case is distinguished from *Schuyler* v. *Van Der Ver*, cited by the defendant, from 2 Caines' Rep. 235. There the award was that the party should finish "*the* house," an d keep "*the* stove," and there being no farther description, the court thought it doubtful whether even the parties themselves would know what house and stove were entitled to the honorable distinction of being thus mentioned. The *amount* of the "Townsend debt" it was not material to state, for the plaintiff was to relieve the defendant from it whether it was more or less. So too, the amount of the partnership assets and liabilities was immaterial, for they were not to be divided, but were awarded to Cowan, and the assets were already in his hands, and he is distinctly required, as between the parties to pay all the debts with the single exception of the Townsend debt. The award is, we think, in no material point ambiguous or uncertain.

2. As to *mutuality*. It is claimed that the award is not mutual because it does not provide in terms that the plaintiff shall relieve the defendant from the Townsend debt, and provides no remedy in case the plaintiff fails to pay it, and that it cannot affect Townsend who is a stranger to the submission, and may collect his debt of either partner. The last point of this objection is urged and applies with equal force to the entire award so far as it professes to dispose of the partnership debts and credits, for no award between these parties

27

can preclude a creditor or debtor of the firm from collecting of or paying to either member of the firm:

a. So far as this last point applies to the Townsend debt it is enough to say that the award only purports to relieve Cowan from the debt, "as between the parties," and it is well settled that an award, that one party shall pay a stranger a debt for which both parties are bound, is valid as between the parties to the award. Caldwell on Arbitration, p. 100 ; Com. Dig. Title Arbitrament, E. 7, 1 Salk., 74 ; 1 Bouvier's Bac. Ab., p. 323, and cases cited, Title, Award (E.) 1 ; Beckett v. Taylor, 1 Mod. 9.

b. Again, an award need not always provide a remedy or method of enforcement. Where partnership assets and debts, or their future avails, are apportioned, as in this case, it is often impossible to provide how the award shall be executed. Lord Hardwicke, in passing upon a similar case held the award good "for the arbitrators had no control over the debtors themselves, who might, if they pleased, pay the whole to one of the parties," and remarked as follows : " To lay it down as a general rule that arbitrators must particularly point out the method in which their award shall be carried into execution, would be too nice, and such a rule would overturn a great number of awards. If, in such a case as the present, one of the parties should release a debt due the partnership, that would be a breach of the award and the other party could have no remedy but by action or bill to have the award carried into execution. No award can be effectual to finish disputes between contending parties." Kyd on Awards, p. 133, citing Lingwood v. Eade, 2 Ark. 501, (515.)

c. The objection that the award does not in express terms require Lamphire to relieve Cowan from the partnership debt to Townsend loses its force, if express terms are not necessary in order to make the award effectual to carry out its purpose, and the true rule is that stated by the learned Judge who delivered the opinion in Hicks v. Gleason, 20 Vt. 139 : " If by manifest implication that appear, which, if positively expressed, would render the award good, that is sufficient to support it."

d. Independent of this, the defendant cannot, it would seem, under the circumstances of this case avail himself of the defence

that the plaintiff's obligation to pay the Townsend debt was not cast upon him as a duty, for the breach of which an action upon the award would lie against the plaintiff. The payment of that debt by the plaintiff is expressed as but a portion of the consideration upon which the sum of eight hundred and eight dollars and forty-nine cents is awarded as due from the defendant to the plaintiff. The assets were already in the defendant's hands, and the sum found due from the defendant pays for them, and "includes" the compensation to the plaintiff for relieving Cowan, the defendant, from the Townsend debt, as between the parties. If the payment of that debt is not cast upon the plaintiff as a duty, it must be treated as a condition precedent to his right to recover the $808.49, which is larger than that debt, and includes it. The award would have been good if he had said, "after Lamphire pays the Townsend debt he may recover of Cowan $808.49, which sum covers that, and also pay for Lamphire's interest in the assets, and for the ten dollars he has paid Cowdery;" and the award should, it would seem, be so interpreted, if it could not be treated as providing that Lamphire *shall* pay the Townsend debt. Cowan would have no reason to complain if Lamphire was not *required* to pay it, so long as by his not paying it, he is himself relieved from paying a larger sum. Where an obligation is so thrown upon one party as to be but a portion of the consideration of the award in his favor against the other party, the performance of that obligation, if not provided for by the award, may be treated, without injustice, as a condition precedent to his recovery on the award, so that on proof of its performance he ought to recover. See opinion of THOMPSON, J., in *Schuyler* v. *Van Der Ver*, *ubi supra*; *Smith* v. *Sweeney*, 35 N. Y. But in this case the provision that Cowan shall be relieved from further liability on account of this debt as between the parties would, as has already been remarked, by implication, throw upon the plaintiff the duty to pay it, and connected as it is with the other provisions would amount to an award that Lamphire *shall* pay it.

3. As to *finality*. Much that has been said under the heads of the certainty and mutuality of the award are applicable to the objections to the award in respect to finality. The award is final

because it settles the partnership and divides its assets and liabilities as between the parties, and establishes their rights and duties towards each other. It could do no more. Such a division by arbitrators has, as we have seen, been held mutual and final. See *Wood* v. *Wilson,* 2 Cromp., Mees. & Ros. 241. It is true that litigation may spring up on account of these common rights and duties in respect to third persons, but this possibility it was not in the power of the arbitrators to avoid. They could not appoint a receiver of the partnership. They reached the limits of their powers when they settled the rights of the parties as between themselves. Kyd on Awards, p. 133.

4. As to whether the award followed the *submission.* The only evidence of the extent of the submission is the statement in the award that it embraced "all matters of difference," and of the extent of these matters, the statement that the arbitrators "carefully considered all accounts and statements presented." The intendments are in favor of the validity of an award as well as of a judgment. We must presume, in absence of evidence to the contrary, from the award or otherwise, that all matters passed upon were matters of difference, and that all matters of difference were passed upon.

5. It is urged that the court erred in admitting proof that the plaintiff had paid the Townsend debt. If the payment of that debt was a condition precedent to the plaintiff's right of recovery the proof was necessary and proper for the plaintiff to make. If it was not a condition precedent it was unnecessary but entirely harmless to the defendant.

The judgment of the county court is affirmed.