## CORNELIUS SOPER *v.* ROLLIN FRANK.

### *Award.   Time of Payment.   Estoppel.*

A submission to abide by the decision of arbitrators named, "in regard to a lease of the farm known as the Frank farm, leased to the said Soper for the term of five years, for which they now agree to dissolve, and abide by their decision," and an award in pursuance thereof, * * * "that we have examined the accounts on both sides, and appraised all damages and differences between them, according to our best judgment, and find a balance due Mr. Soper, $204.25," are not so uncertain as to make the award void.

Said award gave the plaintiff a certain sum to surrender said lease and premises at the end of the first year of the term, but did not fix the time of payment thereof; and it was *held* payable when the surrender was to be made.

The plaintiff called on the defendant to pay the award before the end of the year, but the defendant refused, unless he would take notes, which he declined. Before the end of the year, the plaintiff assigned the lease to his son for $250, who went into possession thereunder; and on being inquired of by the defendant just before the end of the year, about the lease and the surrender of the premises, the plaintiff told him that he did not consider himself bound by the award, as the defendant had not paid it, and that he had assigned the lease to his son, and had nothing more to do with it, and that the defendant must go to his son about it. The defendant thereupon went to his son, and paid him $100 to surrender the premises, which he did by the time the plaintiff was to have surrendered them. The plaintiff's son had no interest in said award, and it was not referred to in the agreement between

him and the defendant. *Held,* that the plaintiff having put it out of his power to surrender the premises, and repudiated the award, could not recover upon it; also, that he was estopped from claiming any title to the premises, and from enforcing the award.

DEBT ON AWARD.   Plea, the general issue, and notice of special matter.   Trial by the court, December term, 1874, PIERPOINT, Ch. J., presiding.   The submission was,   *   *   *   "that we will abide by the decision of the referees, namely,   *   *   *   in regard to a lease of the farm known as the Frank farm, leased to the said Soper for the term of five years, for which they now agree to dissolve, and abide by their decision."   The award was, *   *   *   "that we have examined the accounts on both sides, and appraised all damages and differences between them, according to our best judgment, and find a balance due Mr. Soper, two hundred and four dollars and twenty-five cents."   The defendant objected that the award was fatally defective by reason of uncertainty in both the submission and the award, and for that the award did not follow the submission.   It appeared from oral evidence objected to by the plaintiff, that at the date of the arbitration the plaintiff was in the possession of a certain farm and personal property of the defendant, under a written lease for five years from March 15, 1872, duly recorded; that the question of the recission of the lease arose, and the parties agreed to leave to the arbitrators named to determine what sum should be paid to the plaintiff by the defendant in consideration that the plaintiff would, at the end of the first year of the term, surrender the lease and premises and property to the defendant; that no definite time of payment of the sum awarded was fixed by the arbitrators; that soon after the publication of the award, the plaintiff called on the defendant and demanded payment of the same, and the defendant gave encouragement of early payment; that soon after, the defendant declined to pay the award unless the plaintiff would take notes therefor on time, which the plaintiff declined to do, and the award was not paid.   It was admitted by the defendant that under the award, the plaintiff had the right to the possession of the premises and property until the end of the first year, which terminated in the month of March, 1873.   A few days prior to the ex-

47

piration of the year, the defendant saw the plaintiff and inquired of him about the lease, and as to the surrender of the premises and property ; whereupon the plaintiff told the defendant, that as he had not paid the award, he did not consider himself bound by it, and had assigned the lease to his son Leroy, and had nothing further to do with it, and that the defendant must go to Leroy about it. Thereupon the defendant applied to said Leroy, who was then in possession of the premises and property, and made arrangements with him to vacate and surrender the same at the end of the first year, and as the consideration for such surrender, the defendant executed and delivered to the said Leroy his notes for the sum of $100. The premises and property were surrendered to the defendant by the said Leroy on or before the time the plaintiff was to have surrendered the same by virtue of said award. The plaintiff did not assign or transfer said award to the said Leroy, or any interest therein, and did not assume so to do. In the arrangement between the defendant and the said Leroy, no reference was made to said award, and the said Leroy did not assume to have any interest in or control over it. The plaintiff was not in any way a party to the arrangement between the defendant and the said Leroy, and no part of the $100 went in any way for his benefit. The consideration for the assignment from the plaintiff to the said Leroy, was promissory notes executed by the latter to a daughter of the plaintiff for $250. The sole consideration for the sum awarded, was the surrender of the lease and property at the end of the first year and the adjustment of matters between the parties growing out of the occupation and possession of said premises and property under said lease. At the time of said assignment, the said Leroy had knowledge of what had taken place between the plaintiff and defendant as to the surrender of the premises, and of the terms of said submission and award. Said submission and award were not under seal.

Upon the foregoing facts, the court rendered judgment for the plaintiff for the amount of the award, and interest thereon ; to which the defendant excepted.

*W. W. Rider* and *J. W. Stewart*, for the defendant.

The award is void for uncertainty, and in that it does not follow the submission. Upon the face of the proceedings, it is impossible to determine what was submitted or what was decided. 2 Parsons Cont. 201, 204, 206 ; Caldwell Arbit. 104, 114, and notes. Assuming the validity of the award, it is insisted that the judgment is erroneous upon the facts disclosed. The award fixes the sum that should be paid, but is silent as to time of payment. It is elementary law, that when no time is specified for performance of a contract, it shall be performed in a reasonable time. What is a reasonable time, is a question of law, in the determination of which all the facts and circumstances of the case should be considered. 2 Parsons Cont. 174–5. The sum awarded in this case was payable simultaneously with the act of which it was to be the consideration.

Upon the facts, it is insisted that the plaintiff is estopped from setting up any claim under the award against the defendant. The assignment to his son by the plaintiff, before the expiration of the year, was itself a repudiation on his part, of the award, and such a breach thereof as would have entitled the defendant to an action ; because thereby the plaintiff had put it out of his power to perform. 2 Parsons Cont. 179. Assuredly it was at the defendant's option to accept the proposal of the plaintiff, and waiving his right under the award, abandon it, and adopt the suggestion of the plaintiff. The award was a simple contract, and if the plaintiff, without right, claimed to rescind the award, the defendant was not required to object ; and if he permitted it, it was done by mutual consent. 2 Parsons Cont. 190, 191.

*Ormsbee & Briggs*, for the plaintiff.

There is no such uncertainty in the submission or award as to make the award void. In the construction of awards, they are favored and enforced whenever this can properly be done. 2 Parsons Cont. 698 ; *Akely* v. *Akely*, 16 Vt. 450 ; *Rixford et al.* v. *Nye et al.* 20 Vt. 132 ; *Bowman* v. *Downer*, 28 Vt. 532 ; *Woods* v. *Page*, 37 Vt. 252. The fact that the plaintiff undertook to assign the lease to his son, in no way affects the award. The

plaintiff stands as he would if he had remained in possession after the expiration of the first year, and refused to surrender. This would not have constituted a defence to the award ; and inasmuch as the plaintiff's son took an assignment of the lease with full knowledge of what had taken place between the parties, the case stands the same as it would if the plaintiff had held over the year, and refused to surrender. In such case, the defendant would be left to his legal remedy to obtain possession and recover damages. *Schoff* v. *Bloomfield*, 8 Vt. 472. The time of payment not being fixed in the award, the law fixes it within a reasonable time.

The opinion of the court was delivered by

REDFIELD, J. This action is debt on an award. The defendant, by written instrument under seal, leased his farm to the plaintiff for the term of five years from and after the 15th March, 1872 ; and plaintiff stipulated in said lease to keep and support the defendant's parents during said term. During the first year, a question arose as to the right of defendant to terminate the lease ; and thereupon the parties agreed to submit the question, how much the defendant should pay the plaintiff to terminate the lease and surrender the premises to the defendant at the end of the first year. The sum that defendant should pay the plaintiff for such surrender, was determined, and such is the award in suit.

I. The submission and award are very inartificially drawn, but courts, very justly, ever strive to support and enforce the adjudications of these domestic tribunals created by the parties, as in the interest of peace and, generally, of substantial justice. And, we think, there is no fatal irregularity in matters of form that should vitiate this award.

II. The submission states the matter submitted to be " in regard to a lease of the farm known as the Frank farm, leased to said Soper for the term of five years, for which they now agree to *dissolve*, and abide their decision." The exceptions state that " the parties agreed to leave to said arbitrators to determine what should be paid to the plaintiff by the defendant, in *consideration* that the plaintiff would at the end of the first year of the term of

said lease, *surrender* the same, and the premises and property, to the defendant." Before the first year of the term had expired, the plaintiff assigned said lease and the remainder of the term, to his son Leroy Soper. The plaintiff thereby voluntarily disqualified himself and put it out of his power to perform the act for the performance of which this sum of money sought to be recovered, was awarded. It needs no very subtle casuistry in the form of words, to show that the plaintiff is not entitled to recover a sum of money due to him *when* he surrendered certain premises to the defendant, and due only in consideration and upon condition that plaintiff made the surrender, when the plaintiff has voluntarily sold the entire property which, in consideration of this sum of money, he agreed to surrender. Had there been mutual covenants, the one to surrender, and the other to pay a stipulated sum for the same, they would clearly be held *dependent* covenants, and the *payment* due when the property purchased was delivered, or the beneficial act done for which compensation was to be made. And although no time is named in the award for the payment of the money, yet in reason, and by intendment of law, it is payable when the surrender was to be made, viz., the 15th March, 1873. The plaintiff was bound to surrender on payment of the money, and the defendant was bound to pay the money on the surrender of the premises by the plaintiff. The award is but the *appraisal* of the plaintiff's interest in the farm ; and the submission is but the promise of the defendant to pay such appraisal for the property. The plaintiff has, since the appraisal, sold the property to another party, and received the price. Upon what ground, in law or reason, the plaintiff can now ask the defendant to pay *him* the price as of *a sale,* is not easily comprehended. The award, doubtless, operated by way of estoppel, to terminate the plaintiff's interest in the leased premises at the end of the first year. But the plaintiff, holding the record title for the whole term of five years, aliened and conveyed the same to his son, and thereby declined and refused to surrender the estate, which was a correlative duty under the award. The defendant was not obliged to go into a court of equity, to force upon the conscience of a stranger a duty which the plaintiff, as contracting party, had voluntarily be-

trayed. Besides, the plaintiff, when called upon by the defendant to know what he proposed to do, informed defendant " that he did not consider himself bound by the award, as defendant had not paid it, and that he had nothing further to do with it—that he had assigned his term to his son—and that defendant must go to him about it." This was a distinct notice to the defendant that he repudiated all *duties* under the award ; and if so, he necessarily waived all *rights*.

III. When the plaintiff notified the defendant that he repudiated the award, and had sold his term under the lease to his son Leroy, he told the defendant that he (the plaintiff) had nothing further to do with it, and that defendant must go to Leroy about it. Thereupon, acting on that notice, the defendant did purchase for a full consideration, of Leroy, the very property which plaintiff was bound to convey to the defendant for the price and the appraisal named in the award. The defendant having acted upon this information, and paid his money for the price, in faith that he could obtain the title and possession of the farm only by negotiation and purchase of Leroy, the plaintiff is estopped from claiming any title to the premises, and from enforcing the award, which was merely the adjusted price of such title. This comes clearly within the rule of the well recognized doctrine of equitable estoppel, or estoppel *in pais*. A man who has induced a course of action in another by his conduct or declarations, must *stand by them*, whether true or false.

The judgment of the county court is reversed, and judgment for defendant to recover his costs.