May *v.* Miller.

## J. H. MAY *v.* EUGENE MILLER.

*An Award cannot be Contradicted by Extrinsic Evidence.*

Extrinsic evidence is not admissible to vary or contradict an award when the award is within the scope of the submission, free from ambiguity, and the arbitrators were not deluded, deceived or misled, and without any fault decided correctly upon the *evidence submitted* to them, and as they intended.

GENERAL ASSUMPSIT, with a count for use and occupation.

Plea, general issue. Trial by court, September Term, 1886, TAFT, J., presiding. Judgment for the defendant.

It appeared that in October, 1884, the plaintiff bought a house and lot of one Palmer; that Palmer reserved possession until the next March; that defendant was lessee of the premises, and entitled to possession until said March; that said May, after the sale, bought Palmer's interest in the lease, and said defendant Miller attorned to May; and that a controversy arose between them as to the possession of the premises, in part, and matters were submitted to arbitration, and an award was made in writing as follows: "We * *. * do hereby make the following decision, viz.: That the said May shall pay the said Miller the sum of $27, and said Miller shall vacate the premises now occupied by him on or before December 20th, next." The defendant vacated the premises as required by the award. The plaintiff offered evidence to show that the arbitrators, in making the award, supposed that the defendant was under obligation to pay Palmer the rent of the premises from the time that the award required him to vacate them until the next March (they not knowing of the purchase of the lease by plaintiff), and that they included in the award $7, which they called the item of rent, and which they supposed the defendant would have to pay Palmer, when, in fact, it would have been due the plaintiff if defendant had occupied. The plaintiff paid the amount of the award before he discovered the claimed error of the arbitrators, and this suit was brought to recover the $7. The evidence was excluded.

It was submitted to the arbitrators "to say what sum would be proper and just for said May to pay to said Miller for vacating the premises within six days."

*S. H. Davis,* for the plaintiff.

The arbitrators exceeded their powers. *Edwards* v. *Harrington,* 45 Vt. 66. The evidence was admissible if it tended to show "mistake in fact." *Vanderwerker* v. *Vt. Cen. R. R. Co.,* 27 Vt. 136; *Blood* v. *Bates,* 31 Vt. 147; *Hartland* v.

*Henry*, 44 Vt. 593. Matters impeaching the existence of the award may be given in evidence, and that arbitrators exceeded their authority. *Bragg* v. *Smith*, 20 Barb. 409; *French* v. *New*, 20 Barb. 481; *Boynton* v. *Frye*, 33 Me. 216; *Macomb* v. *Wilbur*, 16 Johns. 227. A mistake may be shown under a plea of non-assumpsit with notice. *Taylor* v. *Carryal*, 12 S. & R. 243; 1 Rawl. 304; 19 Ill. 415; *Cole* v. *Blunt*, 2 Bosw. (N. Y.) 116. It may be shown that there was an error in computation. *Robertson* v. *Wells*, 28 Miss. 90. Gross mistakes by the arbitrators may be shown. *Strong* v. *Strong*, 9 Cush. 560; 2 Greenl. Ev. s. 87.

*J. W. Russell* and *W. L. Burnap*, for the defendant.

There was no ambiguity in the award. It did not exceed the scope of the submission, and extrinsic evidence should not be allowed to vary or contradict it. *Preston* v. *Whitcomb*, 11 Vt. 47; *Buck* v. *Spafford*, 35 Vt. 526; *Smith* v. *Johnson*, 15 East, 213. An award has all the force of a judgment. 1 Greenl. Ev. 249; 4 N. Y. 568; 6 Allen, 480; *Shepard* v. *Briggs*, 28 Vt. 81; *Woodrow* v. *O'Conner*, 28 Vt. 776; *Porter* v. *Gill*, 47 Vt. 620. The party's only remedy in case of fraud, accident or mistake in an arbitration, is to have the award set aside in a court of equity. *Herrick* v. *Belknap*, 27 Vt. 683; *Underhill* v. *Van Courtland*, 2 Johns. Ch. 339; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 502.

The opinion of the court was delivered by

VEAZEY, J. The plaintiff's case depended on an impeachment of the award, and the excluded evidence was offered for this purpose. We think the case comes within that class, some of which are cited by defendant's counsel, wherein it is held that extrinsic evidence is not admissible to contradict or vary the award. There was no ambiguity in the award. It was clearly within the scope of the submission. There was no fault on the part of the arbitrators. They were not deluded, deceived or misled. It is conceded that they decided upon the

evidence submitted just as they intended, and just as the evidence warranted. If they awarded that May should pay Miller $7 more than they would or ought to have awarded, if the fact had been proved before them, which the plaintiff's excluded evidence would have tended to prove, it was May's fault that he did not prove it. He, in substance and effect, is seeking to try the case again which was tried by the arbitrators of his own choosing, and on the ground that he can try his case better now than he did before, and without alleging any fault or wrong to the arbitrators or to his adversary. If this is allowable, then it would seem like sarcasm for courts to repeat what they have often said, that arbitrations should be favored. Instead of settling anything they would simply become the seed of a crop of lawsuits. The case is plainly within the sound proposition of Judge KENT in *Le Guen* v. *Gouverneur and Kemple*, 1 Johns. Cas. 502, when he says : " Every person is bound to take care of his own rights, and vindicate them in due season and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant having the means of defence in his favor neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded." And he cited 2 Burrows, 1009 ; 7 Term Rep. 269 ; 2 H. Bl. 414. He also there cites the authorities at length, showing how firmly this principle is adhered to in courts of equity as well as law.

Judgment affirmed.