BATCHELDER & BROWN *v.* EMMA E. REYNOLDS, ADMX. OF BERT E. REYNOLD'S ESTATE.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*J. H. Macomber* and *J. H. Macomber, Jr.,* for the plaintiff.

*W. E. Tracy* for the defendant.

MOULTON, J.   This action is based upon an award of arbitrators.   It comes to us upon exceptions by the plaintiffs to the exclusion of certain evidence by the trial court.

There was testimony tending to show an oral agreement between the plaintiffs and the defendant's intestate to submit to two certain arbitrators a disputed claim concerning a broker's commission on the sale of certain real estate, and that the parties agreed to abide by the result.   The arbitrators met, the controversy was heard, notice of the decision was given, and the arbitrators signed a writing as follows: ''Burlington, Vermont, March 13, 1929.   It is agreed that the commission of 5% for sale of farm by Batchelder & Brown for E. A. Coffin and wife which is $450.00 should be paid by said Coffin at once.   In case payment is refused and if not paid in thirty days after demand is made, Mr. B. C. Reynolds who is on the commission note, is to pay said commission of $450.00 upon demand of said Batchelder & Brown.   Said farm was sold by Batchelder & Brown for said E. A. Coffin to the United States Government, and was in the town of Bolton, Vermont.   That is the decision of your arbitrars (sic) John J. Flynn and Fred B. Howe. (Signed) John J. Flynn, F. B. Howe.''   This writing was offered in evidence by the plaintiffs, and excluded upon the defendant's objection that it was not an award or an order of the arbitrators, but only an agreement between them.

█ █   This was error.   The document is, as the plaintiffs admit, inartificially drawn; but this does not affect its validity as an award.   ''Courts, very justly, strive to support and enforce the adjudications of these domestic tribunals created by the parties, as in the interest of peace and, generally, of substantial justice.''   *Soper* v. *Frank,* 47 Vt. 368, 372.   An award is to be liberally construed, and every reasonable intendment is to be made in its support.   *Rixford* v. *Nye,* 20 Vt. 132, 138, 139. The meaning here is plain, and the result is not uncertain. *Akely* v. *Akely,* 16 Vt. 450, 456; *Lamphire* v. *Cowan,* 39 Vt. 420, 424.   The instrument purports to be an award made after

hearing the parties and considering the proofs. *Bowman* v. *Downer*, 28 Vt. 532, 538. The phrase "it is agreed" does not import a contractual relation between the arbitrators, but is an expression of the coincidence of their opinions upon the merits of the controversy. It is used in the sense in which we say that a jury are agreed upon a verdict, or that the members of a court are agreed upon the decision of a cause. The concluding sentence commencing "That is the decision," shows clearly that it was intended to make a final disposition of the subject-matter of the dispute.

The defendant attempts to justify the exclusion by claiming that upon the facts the award was erroneous. But the award being within the scope of the submission, and having been made as the arbitrators intended it should be, upon evidence submitted to them, and so far as appears without fault or delusion on their part, extrinsic evidence is not admissible to impeach it. *May* v. *Miller*, 59 Vt. 577, 579, 7 Atl. 818. The same presumptions are to be indulged in favor of the award as in the case of a judgment. *Kendrick* v. *Tarbell*, 26 Vt. 416, 422.

Upon the exclusion of the writing, the plaintiffs offered parol evidence of the decision made by the arbitrators. This was excluded, subject to exception. It is not, however, necessary to consider this question, since, as we have held, the writing was admissible, and, beside this, the point is not likely to arise upon a subsequent trial.

*Judgment reversed, and cause remanded.*