## John McNear & ux. vs. George Bailey.

Parol evidence cannot be received to vary a written submission or award.

An award *may be good* when it does not embrace all matters submitted by the parties, as it will be presumed that the matters not named in the award, were not made known to the arbitrators.

But when it does appear that other existing causes of action submitted, and not named or acted upon by the award, were made known to them, the general rule is, that the award is bad for the whole. And parol evidence may be received to show, that such other causes of action were made known to the arbitrators.

When there is no clause in the submission, providing that the award shall be made on all the matters in difference, or points submitted; if the matters omitted are not connected with those decided, so that injustice will be done, the award may be sustained. But it will not be, if the matters omitted are so connected with those decided, that injustice will be done.

It is the settled construction of the statute, authorizing submissions before a justice, that a submission under it cannot authorize a decision upon the title to real estate.

But where the remedy for enforcing the award is not by a judgment of court, but by a bond between the parties, a submission of all demands would authorize a decision upon the title.

When the submission authorizes a decision upon the title to real estate, equity will decree a specific performance of the award.

Debt on a bond from the defendant to the plaintiffs, dated *Aug.* 22, 1838. The condition was, that whereas the parties " have submitted all their demands to the determination of (three referees named;) now if the said *Bailey* does well and truly perform on his part, according to the award and determination of the aforesaid referees, whose award is to be published without being returned to any Court of Common Pleas, then, &c." The submission signed by the parties was made in the form prescribed in the statute, and was acknowledged before a justice of the peace. They therein submitted " the demand hereunto annexed and all the demands of both parties." The demand annexed was this. " *Washington, Aug.* 8, 1838. *John* and *Sarah L. McNear* to *George Bailey* Dr. To damage in not performing their contract. $300."

The plaintiff made a statement in writing, of his claim for money paid and services rendered, and damages incurred. The facts

in the case, (relating to the points decided,) sufficiently appear in the opinion of the Court.

At the trial before EMERY J. after a parol agreement had been proved, that the referees might determine respecting real estate, the defendant contended, that no parol agreement could authorize the referees to award the conveyance of real estate; and that the deeds tendered by the plaintiff were not conformable to the award; and if the referees had power to award that the defendant should convey his real estate, they had no power to direct him to convey the real estate of another person.

The Judge was of opinion that the plaintiffs upon this evidence could not maintain their action; and by consent of parties, directed a nonsuit, to be set aside if the whole Court should be of opinion that the action could be maintained.

*F. Allen* and *Reed* contended, that a parol submission was good. True it could not be enforced, if the award directed the conveyance of real estate, if it stood alone. And for that reason the bond in suit, under the hands and seals of the defendant, was made to compel the performance of it. But the bond shows that all demands between the parties were submitted, including of course the title to real estate. *Norton* v. *Savage,* 1 *Fair.* 455; *Bowes* v. *French,* 2 *Fairf.* 182; *Tyler* v. *Dyer,* 1 *Shepl.* 41; *Homes* v. *Aery,* 12 *Mass. R.* 134; *Newburyport Mar. Ins. Co.* v. *Oliver,* 8 *Mass. R.* 402; *Kyd on Awards,* 262; *Ford* v. *Clough,* 8 *Greenl.* 334.

*E. Smith,* for the defendants, contended, that the bond was merely to secure the performance of the award of the referees upon the matters submitted to them. The submission and award are both in writing, and parol evidence is inadmissible to alter or explain them. *Bac. Abr. Arbitrament, E; Kyd on Awards,* 143; 2 *Atkyns,* 384; *Phillips' Ev.* 496.

The award is uncertain, and is not and does not pretend to be a final adjustment of the matters submitted to them, and is therefore void. *Selby* v. *Russell,* 12 *Mod.* 139; *Wharton* v. *King,* 2 *B. & Adol.* 528.

The referees had no power to award that the bond for the support of the defendant should be given up.

McNear *v.* Bailey.

The award is invalid, because the referees against the protestations of the defendant persisted upon adjudicating on the coming as well as the past damages, and yet have not stated in the award that this subject was decided on by them. *Kyd on Awards*, 141, 208. And the same objection exists as to the claim made by the defendant against the plaintiff for the amount of the outstanding mortgage to *J. M. Bailey*, which the plaintiff admitted before the referees and agreed to pay.

The award is not only void, because being on a submission under the statute, the referees have no power to decide upon the title to real estate, but void even on a submission at common law, because it directs the conveyance of real estate by the defendant, which did not belong to him. *Lee* v. *Elkins*, 12 *Modern*, 585 ; *Kyd on Aw.* 187, 189.

The opinion of the Court was by

SHEPLEY J.—The defendant conveyed his real and personal estate to his daughter, the wife of the plaintiff, and at the same time took from the plaintiffs a bond with a condition for the support of himself and wife during their lives, and a mortgage of the same real estate to secure performance. Before these conveyances were made, the defendant had conveyed his real estate in mortgage to *John M. Bailey*, one of the referees, to secure a debt, which remained unpaid. As usual, difficulties arose between them, which they were desirous of adjusting, and of dissolving the contract. For this purpose, they entered into a reference of all demands under the statute. The referees thinking, that their award might not be conclusive upon these claims or titles to the estate, caused a bond to be executed by the defendant, which recites, that they have submitted all their demands to the referees, and obliges him to perform the award. The referees made their award in writing, directing the plaintiffs to release to the defendant their title to certain portions of the real estate described ; and the defendant to release to them all his interest in the remaining portion. If the award had been performed by the execution of these releases, their respective rights in the real estate would have been finally determined, and the rights of the defendant as mortgagee would have been annihilated. The bond providing for the maintenance was

not named in the award; nor the debt or mortgage to *John M. Bailey;* nor the respective claims for non-performance by one party and for improvements by the other. Nor is there any thing in it, which indicates, that the releases of the real estate were to be made in satisfaction of all or any of these claims, or that it was a decision of all matters of difference, or that it was upon or respecting the premises. Unless parol evidence can be admitted to explain or vary the award, some, if not all of these matters may be the subjects of future litigation. But such evidence cannot be received to vary a written submission or award. *Barlow* v. *Todd,* 3 *Johns. R.* 367; *De Long* v. *Stanton,* 9 *Johns. R.* 38; *Efner* v. *Shaw,* 2 *Wend.* 567. An award may be good, when it does not embrace all the matters submitted by the parties. It will be presumed, that the matters not named in the award were not made known to the arbitrators. When it does appear, that other existing causes of action submitted and not named or acted upon by the award were made known to them, the general rule is, that the award is bad for the whole. And parol evidence may be received to show, that such other causes of action were made known to them. *Barnes* v. *Greenwel,* Cro. *Eliz.* 858; *Risden* v. *Inglet,* ib. 838; *Middleton* v. *Weeks,* Cro. *Jac.* 200; *Bradford* v. *Bryan,* Willes, 268; *Hawkins* v. *Calclough,* 1 *Burr.* 277; *Randall* v. *Randall,* 7 *East,* 81; *Mitchell* v. *Stanley,* 16 *East,* 58. Where there is no clause in the submission providing, that the award shall be made on all the matters in difference or points submitted, if the matters omitted are not connected with those decided, so that injustice will be done, the award may be sustained. *Simmonds* v. *Swaine,* 1 *Taunt.* 549. In this submission, if the bond may be so regarded, there is no such clause. But the matters before named as omitted, are so connected with the title to the estate, that it is very apparent, that injustice will be done by permitting them to remain unadjusted, if the award be sustained. It is contended, that the bond has reference to the submission under the statute, that it was intended only to enforce the award, that might be made by virtue of it, and *that it does* not therefore authorize the referees to decide upon the title to real estate. It has been the settled construction of the statute, that submissions under it cannot authorize a decision upon the title to real estate. *Fowler*

v. *Bigelow,* 8 *Mass. R.* 1. The argument is not without force derived from the language of the bond, that it was intended only to enforce a performance of the award upon the submission under the statute, and that it was not designed to be a new and distinct submission. If it may be so regarded, all demands having been submitted, it would authorize a decision upon the title. *Marks* v. *Marriot,* 1 *Ld. Raym.* 114 ; *Sellick* v. *Addams,* 15 *Johns. R.* 197 ; *Byers* v. *Van Deusen,* 5 *Wend.* 268. And when the submission authorizes a decision upon the title, equity will decree a specific performance of the award. *Bouck* v. *Wilber,* 4 *Johns. Ch. R.* 405 ; *McNeil* v. *Magee,* 5 *Mason,* 245. It is not however necessary to decide upon the effect of the bond, for in whatever light it may be regarded the award cannot be sustained for the reasons already stated.

*Nonsuit confirmed.*