Bockee, Senator.
The submission in this case is very particular, and is limited to the appraisement of the diminished oy increased cost consequent upon any alteration in the form, proportions or construction of the building called the “ Halls of Justice.”
Nothing is more clear than that the power of arbitrators or an umpire does not extend to any matter or thing not included in the terms of the submission. It is evident from the face of this award that the terms of the submission have not been complied with. The arbitrators determine that the plaintiff is. entitled to receive from The Mayor, Aldermen and Commonalty of the city of New-York, the sum of $2385,29, for the increased cost of said buildings, after he shall have filled up the outside paved ways. This latter provision is clearly out of the submission, and is void. It may he rejected as surplusage, and would not invalidate other parts of the award, if they are within the scope of the authority delegated to the arbitrators.
There was no power delegated to the arbitrators except to declare the appraised value on the increased or diminished cost of the alteration in the plan and construction of the building. They determined that the plaintiff was entitled to receive $2385,29 from the defendants for the increased cost of the building. The appraised value may have been more or less, and there is room for the suggestion that the arbitrators may have determined from an adjustment of the mutual accounts of the parties that the plaintiff was entitled to receive this sum.
*331 The plaintiff offered to prove on the trial that the arbitrators had allowed against him a large sum for defective workmanship in those parts of the building which had not been altered in form or construction. If this was so, most indubitably the arbitrators judged and determined upon a matter not submitted to them, and the plaintiff is not bound by the award. In such case it is void both in law and equity, and the party is unquestionably entitled to some remedy. It is said by the counsel for the defendants in error, that the only remedy is by motion in a court of law, or by bill in equity, to set aside the award. If this submission had been pursuant to the provisions of the statute respecting arbitrations, (2 R. S. 541,) there is no doubt a court of law would have the power of vacating the award summarily on motion. This mode of relief, however, applies only to cases coming under the provisions of the first section of the statute, where by agreement of the parties judgment may be rendered in a court of law upon the award made pursuant to the submission. Except in the mode directed by the statute, no court has power to give summary relief on motion. As to the other mode of relief suggested, viz. by bill in equity, we are to decide this grave question, whether it is necessary, fitting and proper to send the party into the court of chancery, when relief can be given more speedily and as efficiently on a trial in a court of law. In either forum the* matter must be decided by the testimony of witnesses. I conceive thaMhe rule regarding the admissibility of the testimony would be the same in a court of equity as in a court' of law. We are not now to decide any principle of law, but a rule of evidence. I know of no rule or principle in the law of evidence which would prevent the admission of parol and extrinsic proof that the arbitrators went beyond the authority delegated to them, and adjudicated upon matters not comprehended within the terms of the submission. It is not the case of written evidence of an agreement between contracting parties. The evidence offered in this case has a bearing upon the right and power of the arbitrators to make the award. It does not propose to vary the written terms of the award, but to show that the arbitrators did award upon matters *332 not submitted to them. It is analogous to the case of a special power of attorney, where oral evidence can unquestionably ■ be received to show that the act done or the instrument executed by the attorney was not within the scope of his authority. The award of arbitrators is absolute and conclusive except in the specified cases of misconduct, or where they exceed their power. These are matters not necessarily or ordinarily appearing on the face of the award, and generally can only be brought to the consideratitin of a court by extrinsic evidence. It would seem like a denial of justice, where arbitrators have transcended the power and authority given them, that the party shall be precluded from giving any proof, and be bound to submit, merely because the arbitrators have not made such defect'of authority apparent upon the face of the award-. In my apprehension there is great danger and injustice in such a rule. In this very case, if we assume what was offered to be' proved as true, the arbitrators have covered up some eight or nine thousand dollars under the vague and general terms used' by them in the appraisement or award, and have in effect given a judgment for that .amount against Butler for defective and bad workmanship in the construction of the building, when they had no more right or power to do so than any one of the prisoners in the tombs.
I think the judgment of the supreme court is erroneous, and shall therefore vote to reverse it.
Hopkins, Senator.
The object of the appraisal or arbitration was merely to furnish evidence to the'parties, which should be conclusive between them, as to the sum to be allowed on account of work done or omitted, by reason of alterations in the original plan of the building. No written award was necessary unless to inform the parties. If the umpire bad been called as a witness in the cause, and been asked what was the amount he had determined ought to be allowed for work done and omitted, in consequence of the alterations of the plan, would an answer in the words of.the award haVé been satisfactory? It certainly would not have been responsive *333 to the question; for it would purport to he an answer to the enquiry, what will the plaintiff be entitled to receive for the increased cost of the building after he has filled up the outside paved ways? This would be a question covering the cost of the whole building, if not something more. How can it then be said that this award is within the Submission, since it does not accomplish the purpose intended ?
Separate the award from the recital, and it appears to be an award as to the amount payable to the plaintiff on account of the increased cost of the whole building-, and not the sum to be allowed for work done or omitted in consequence of alterations of the plan. Under the terms used, the corporation might have been awarded to pay any sum which the umpire might find that the plaintiff had expended on the whole building beyond the contract price.
But it was said that the award is explained by the recital, or that the recital must be allowed to control the meaning of the award. I take it that the principal object of a recital in an award is to show whether the award is within the submission, and if it appears not to follow the submission it is no award.
An ambiguity In the body of an instrument may perhaps be explained by the recital if there be one ; but I see no propriety in applying the rule to an award, where the only use of a recital is to show the terms of the submission. In this award, separate from the recital, there is no ambiguity, unless it may be as to what building is meant; but there is no' doubt that the extra cost of the whole building must be intended, for in the award, separate from the recital, nothing is said of the cost occasioned by alterations of the plan. There being no ambiguity in that respect, I think the recital should not be referred to for explanation so as to give the award a meaning different from that which, standing by itself, it expresses. If the correct recital of the submission is to control the award in a matter where it is not in itself ambiguous, it requires no effort to discover that an ingenious person might in almost any case draw up an award which, by reciting the submission truly, would make the award cover matters not submitted. The award
*334 standing by itself might show that other matters were passed upon which would satisfy the arbitrator’s conscience so long as he deemed the award just, although to make it so he took into consideration, as is alleged in this case, matters not submitted to him. But the party in whose favor it was made would come into court and insist that no such other matters were passed upon, because the recital must control the meaning of the award in that respect.
This view of the case might dispose of it; but on the question of admissibility of parol evidence I think the court erred. The testimony offered would go to show that the umpire exceeded his jurisdiction, or passed upon matters not submitted to him, which I think is admissible in a court of law. The evidence was offered, not to show corruption or misbehaviour, but to show that there was in fact no award within the submission. (16 East. 58; 6 Pick. Rep. 269; 3 Yeates' Rep. 564; 18 Maine Rep. 251.)
Root, Senator, delivered an opinion in favor of reversing the judgment of the supreme court, on the ground that there was error in refusing to receive evidence of improper allowances made to the defendants by the arbitrators for items of damage not included within the submission.
Porter, Senator, delivered an opinion in favor of affirming the judgment of the supreme court.
On the question being put “ Shall this judgment be reversed ?” the members of the court voted as follows :
For reversal: Senators Bartlit, Bockee, Deyo, Dixon, Faulkner, Foster, Franklin, Hopkins, Lott, Mitchell, Root, Sherwood and Varney—13.
For affirmance: Senator Porter.
Judgment reversed.