## PORTER v. SCOTT.

It is the duty of arbitrators to pass upon the whole subject in controversy; and if it appears on the face of the award that they have not disposed of the whole matter, or if the terms of the award render a further inquiry necessary to ascertain a sum to be paid, or an act to be done, it is void.

When arbitrators have published their award, any alteration whatever, without the consent of parties, will vitiate it, and this, though the alteration was to fix certain amounts left undetermined in the award.

APPEAL from the Superior Court of the City of San Francisco.

This was an action on an arbitration bond. The defence set up, is that the arbitrators, in the matter referred to them, had published their award, in which some of the accounts were left undetermined; and that, subsequently, the umpire chosen in the case had ascertained and carried the accounts which had been left in blank in the original published award.

The defendant asked the Court below to instruct the jury, that if the facts were as alleged by the defendant as above, the award was void, and the plaintiff could not recover. The Court below refused the instruction, which is assigned as error. The jury found a verdict for plaintiff, as prayed for in his complaint, and judgment was entered accordingly.

Motion for a new trial made, and overruled, and defendant appealed.

*Eugene Casserly* for Appellant.

The arbitrators cannot examine and decide upon a part, and the umpire upon the remainder of the case. Curzon v. Sturmer, 1 Rol. Abr., 262, b. 42; also, Year Book, Hen. VI, 11; Tollit v. Saunders, 9 Price, (Exchequer,) 612, 620; Lang v. Brown, 32 Eng. Law and Eq., 19, 20; Wicks v. Cox, 11 Jurists, 542; (6 Harr. Dig., 66, note;) Bacon's Abridg., 320, D. "Arbitrament;" Russell on Arbitration, 233; Law Lib., 47; *In re* Salkeld, 12 Ad. & El., 767; (40 Eng. C. L. Rep.;) Falconer v. Montgomery, 4 Dall, 233; Passmore v. Bayard, ib., 271, 272.

The award in this case shows, by its own terms, that it was incomplete, and not final, some of the most important items being left open to be determined at some future period. Such a defect is fatal to the award. Billings on Awards, 132; (35 Law Lib.;) Pedley v. Goddard, 7 Durn. & East., 73; Goode v. Waters, 1 Eng. Law and Eq. Rep., 181; Hewitt v. Hewitt, 1 Ad. & El. N. S., 110; (41 Eng. C. L.;) Caldwell on Arbitration, 273; Viner's Abridg., Art. "Arbitration."

The rule is universal, that when arbitrators have once made their award, their powers are executed, and they cannot alter or amend their award, or make a new one, even though within the time limited for the award. Doke v. Janes, 4 Comst., 568; Herfree v. Bromley, 6 East, 309; Irvine v. Elnor, 8 ib., 54; Caldwell on Arbit., Eng. ed., 68.

*Hall McAllister* for Respondent.

That the arbitrators passed upon one part of the case, and the umpire upon another.

We deny that such fact would be a valid defence to this action. The suit is brought on the arbitration bond.

The gist of the action, being the breach of the condition, the only question is : Has the condition been broken ?

The condition of the bond, following the submission, provides merely that an umpire should be called " in case they shall not agree." The parties were certainly competent to agree, if they thought proper that in case of the arbitrators disagreeing on any one point, they should leave to the umpire, not that point only, but all other points on which they had not disagreed. But neither the condition of the bond nor the submission contains any such stipulations, and the appellants, in contending that such, notwithstanding, was a part of the agreement, assume the *onus* of proving it. Until this is proved, the fact they here offer to show can have no relevancy to the issue.

Such an interpretation of the submission, however it may be as to authority, is clearly not supported by reason. It is not a

natural supposition, that after a judgment on certain points by the two arbitrators, chosen by themselves, the parties contemplated that it should be rendered void, *ipso facto*, by their disagreement on the other points, perhaps on the only other point in the case, and that these same points should be submitted *de novo* to the umpire, and thus the judgment of two persons be perhaps overruled by one.

The authority on which the two or three modern cases which support the appellant's position rely, are Rolle's Abridgment and the Year Book, 39 Henry VI.

On these we observe:

1. The terms of submission to an arbitration seem to have generally followed a certain form—a part of which was—"So as (*ita quod*) the said award shall be made on the premises." Courts formerly construed this phrase, by force of the expression *ita quod*, and on the premises, into a condition precedent that the arbitrators, or on their disagreeing, the umpire alone, should pass upon all the premises, that is on the whole case submitted. The authority in 39 Henry VI, was probably based upon this special phraseology of the submission, and Rolle's Abridgement very naturally followed it, just as Bacon's Abridgement has followed both.

2. Rolle's Abridgment brings down the law only to the end of the reign of Charles I. Now, until shortly before this, that is until the end of the preceding reign, the strictest rules were applied by the Courts to the construction and effects of an award. From that time, a far more liberal system began to prevail, and at present, the policy of the law is as liberal as the ancient one was strict. Under that policy these cases were decided on merely technical considerations. In the modern times, awards are regarded as *arbitrium boni viri* at the civil law, and every presumption is made to support them. Kyd on Awards, 229, 230.

Awards must be liberally construed so as to answer the purpose intended. Lord Mansfield, 1 Burr., 277.

Everything presumed and every reasonable intendment made in favor of an award. 1 Rand., 449; 2 Call., 106; Charlton, 287; 2 Har. & Gil., 67; 5 Maryland, 353; Corce, 16; 1 Pet., 222; 5 Greenl., 38; 1 Texas, 497; 1 Seld., 482.

Legal presumption in favor of regularity of proceedings in awards. 1 Scan., 240; 1 Hill, 489. Same presumption as in respect to judgment. 26 Verm., 416.

The two cases in Pennsylvania, 4 Dall., 233, 271, are entitled to no weight, the reason assigned for the decisions being palpably insufficient. They assume that the umpire becomes sole judge of the whole case on disagreement, which is the very point in dispute.

Kyd on Awards, p. 102, is an authority of established weight that the law on this point is as we contend, and the following

cases are to the same effect : 17 Conn., 309 ; 9 Barr., 254 ; 17 Shepley, 552.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The argument of this case has elicited an amount of labor and research highly creditable to the learned counsel who represent the parties, and we regret that the press of business prevents us from following them in the examination of many of the principles which have been so ably discussed.

The plaintiff declared on an arbitration bond; the defendant denies the award. On the trial of the cause the plaintiff introduced an award dated October 1, 1852, signed by the arbitrators and one Hussey, who purported to act as umpire. After stating the result of their deliberations, the award concludes with these words : "Leaving the amount to be allowed for detention of brig and legal expenses to be filled up when they are definitely ascertained." To this is appended a statement of the account between the parties in which the amounts for said items are carried out

The defendants contended on their part, that on the first of October 1852, the arbitrators had made their award, and that the plaintiff had served a copy of the same upon the defendant; that said award contained the same recital as above set forth, but that the amounts were not ascertained or carried out, and that the same was done by said Hussey after the award was published. Testimony tending to establish this fact was introduced, and the evidence of Hussey, the umpire, upon this point, was excluded on the ground that he could not be allowed to impeach his own award. This ruling of the Court is assigned as error. It is not necessary, however, to consider it, as there was sufficient evidence to warrant the jury in finding for the defendant, had the Court instructed them properly upon the law.

The whole contest was whether the award, as declared on, was complete at the day of its publication, or whether it had been afterwards filled up by Hussey.

Under these circumstances the defendant's counsel asked the Court to charge the jury substantially as follows : That if the award was made and delivered to the respective parties, with the three last items or charges left in blank, that the plaintiff could not recover. That if a different award (which was in evidence) was delivered by the plaintiff to the defendant, which he plaintiff represented as the award between them, then the plaintiff was bound by the award, or if, after the award was signed by the arbitrators and the umpire, and delivered to the plaintiff and defendant, as the award between them, and was afterwards amended or altered without the knowledge or consent of the

defendant, by filling up blanks and inserting charges against him, the award so altered was void, and the plaintiff not entitled to recover; all of which was refused.

It is well settled that where parties refer all their differences to arbitration, it is the duty of the arbitrators to pass upon the whole subject in controversy, and if it appears upon the face of the award that they have not disposed of the whole matter but have left a part open: or if the terms of the award be such as to render a further inquiry necessary to ascertain a sum of money to be paid, or some act to be done, it is void and will be set aside. It is also settled that when arbitrators have published their award by delivering it to the parties as the award, that it is not the subject of revision or correction by them, and that any alteration without the consent of the parties will vitiate it. Applying these rules to the present case, it is evident that the defendant's instructions should have been given.

The evidence tended to show that several of the items, in the account annexed to the award, were not ascertained at the time of its delivery; that they were not in the copy served on the defendant, and if the service of this copy on that day was a publication of the award, then it was void under the rule I have just stated. It became, then, a matter of importance for the defendant to ascertain the exact point of time at which the items were inserted in the copy held by the plaintiff, on which this suit is brought. A witness had already testified that at the time the copy of the award was delivered to him by the plaintiff to be served on the defendant, the plaintiff told him it was an award, and produced a duplicate copy in which the same items were entered, but not carried out, and that the umpire's name was not signed to either of them. Afterwards, this same copy is introduced in evidence, signed by him, and the items, before left blank, carried out in his own handwriting. This evidence would have been sufficient to warrant the jury in their discretion in finding, as a fact, that this alteration was made after the award was published, and, if so, then the instruction that the arbitrators were *functi officio*, and their further acts in the premises were void, should have been given.

Judgment reversed, and cause remanded.