## YOUNG *v.* KINNEY.

### *Arbitration.*

It is essential to the validity of an award, that the arbitrator award upon all the subjects embraced in the submission that are heard by him, and upon which his judgment is required ; but, where the submission, in terms, comprehends all matters in difference, it is competent for the parties, on the hearing, to submit to the arbitrator just such matters as they elect, and his award upon such matters is conclusive. Every reasonable intendment is to be made in favor of an award; and in order to impeach an award on the ground that part only of the matters submitted was awarded upon, it must be distinctly shown that the matters not awarded upon were so brought to the notice of the arbitrator that it became his duty to hear and determine them.

REPLEVIN for a yoke of oxen. Plea, not guilty, and trial by jury, September Term, 1874, REDFIELD, J., presiding. Verdict for defendant and exceptions by plaintiff.

The case appears from the opinion.

*S. C. Shurtleff*, for the plaintiff.

The case presents but one point : can an arbitrator decide one half of the matters in dispute that he has heard, and have the award valid ? The authorities are uniform that such an award is invalid. *Smith* v. *Potter*, 27 Vt. 304 ; *Morse* v. *Hall*, Ib. 660.

*Gleason & Field*, for the defendant.

The award, if valid, is a bar to this suit. 11 Vt. 47 ; 26 Vt. 392 ; 12 Johns. 311 ; 19 Wend. 285.

The award *is* valid. 39 Vt. 420 ; *Kendrick* v. *Tarbell*, 26 Vt. 422 ; *Tollman* v. *Tollman*, 5 Cush. 325 ; *Strong* v. *Strong*, 9 Cush. 560 ; Morse Arb. & Award, c. 16.

The opinion of the court was delivered by

ROYCE, J. The oxen replevied were purchased by the plaintiff of the defendant in 1868. The sale was conditional. The condition, as stated in the note given for the oxen, was, that they were to remain the property of the defendant until the note was fully paid. A controversy afterwards arose between the parties as to whether the note had been paid, and they referred their matter in dispute to an arbitrator. By the submission made by the

parties, after reciting that a certain matter of difference had arisen between them, they agreed to submit all matters of difference, and abide the decision. The arbitrator named in the submission, made his award, and found due to the defendant $57.82, which was in full of all dues, demands, accounts, notes, book accounts, or otherwise, between the parties, and that said sum should be payable in ten days from the date of the award, and that upon the payment of said sum, the oxen above referred to should be the plaintiff's. The claims of the parties for trespass, or other actions of tort, and questions about lands and lines in dispute, and timber cut on disputed lands, the arbitrator states in the award were not settled by him. The court ruled that the award was a bar to the suit, and the only exception taken was to that ruling. If the award is valid, the ruling was right; because it furnishes conclusive evidence that the plaintiff was not entitled to the possession of the oxen. The only ground upon which it is claimed that the award is invalid, is, that the arbitrator did not award upon all the subjects embraced in the submission. It is essential to the validity of an award, that the arbitrator should award upon all the subjects embraced in the submission that are heard by him and upon which his judgment is required. But where the submission in terms comprehends all matters in dispute, it would be competent for the parties to it, on the hearing before the arbitrator, to submit for his judgment just such matters of dispute as they might elect; and his award upon such matters would be conclusive. Every reasonable intendment is to be made in favor of an award; and courts make every reasonable intendment in their support. *Rixford* v. *Nye*, 20 Vt. 132; *Kendrick* v. *Tarbell*, 26 Vt. 416. In order to impeach an award on the ground that part only of the matters submitted has been awarded upon, the party must distinctly show that the matters not awarded upon were so brought to the notice of the arbitrator that it became his duty to hear and determine them. Caldwell Arb. 239; Kyd on Awards, 172, 173. There was no evidence in the case that would have justified the court in coming to that conclusion.

Judgment affirmed.