# WHEELING.

## Bean *v.* Bean.

Submitted January 23, 1885.—Decided April 11, 1885.

1. Two suits are brought at the same time—the one on the law and the other on the chancery side of the court—the parties being the same in both cases; the same order is made in the law and the chancery case referring each to an arbitrator "to take and settle all accounts between the plaintiff and defendant, and finally to determine their claims in full against each other;" the suits are between two brothers and the same subject-matter to a large extent is involved in the suits.  HELD:

> An award made in the one case of the matters involved in that only without passing upon the matters in the other is bad, because it does not embrace all the matters submitted. (p. 607.)

2. An award to be valid must be final and certain, it must adjudicate all matters submitted, and if it leaves any such matter open for future controversy, it is invalid.  (p. 608.)

The facts of the case are fully stated in the opinion of the Court:

*E. Willis Wilson* for appellant.

*T. B. Swann* for appellee.

SNYDER, JUDGE:

At the May rules, 1881, A. M. Bean brought an action of *assumpsit* and also a suit in chancery against J. J. Bean in the circuit court of Kanawha county—the latter suit is against the defendant in his own right and as administrator of William Bean, deceased, the father of the plaintiff and defendant. The plaintiff had been administrator of said William Bean

and was succeeded as such by the defendant. Both suits related more or less to matters arising out of the settlement of said estate and transactions had between the parties in reference thereto.

An order was made in the law case July 8, 1881, and on the 21st day of that month the same order was made in the chancery suit. The order so entered in both cases is as follows :

"By consent of parties, this cause is referred to J. E. Middleton as arbitrator to take and settle all accounts between plaintiff and defendant, and finally to determine their claims in full against each other, upon evidence taken by and laid before him, and the arbitrator is ordered to give ten days' notice to the counsel of record of the time and place of taking the account."

In June, 1882, the following order was entered in the chancery suit :

"Upon their motion, Thomas Long and Emily, his wife, Samuel Honaker and Lucinda, his wife, Wilson Kessiner and Sarah, his wife, Thomas N. Bean and William, Austin and Mary Adkins and Peter Bean, sons of Floyd Bean, Joseph McCormack and Caroline, his wife, Franklin Bean and William Bean and Betty Carney are made parties defendants to this suit, and by consent of all parties, the orders heretofore directed in this cause are continued in force, and the depositions of witnesses heretofore taken in this cause are to be read as to all parties thereto."

Subsequently, Middleton, to whom the cases were referred, filed his "report," dated March 17, 1883, entitled in the names of both causes, the material parts of which are in these words :

"The above named causes having been heretofore committed to the undersigned, a commissioner of this court, to adjust by way of arbitration the matters of controversy between the parties thereto, this the result of considerable effort, patience and vexation, is respectfully submitted as a report upon such part of the matters referred to him as in his opinion came legitimately within the scope of his authority, being the matters involved in the suit at law only.

"In the proceedings of this investigation, considering the relation of the parties and the subject matter in controversy

as raised in the chancery cause between these parties and their inseperable connection with an unsettled estate of their late father, as administrator and ex-administrator, with unsettled administration accounts involving the interest of other parties as co-heirs in the estate of the late William Bean, deceased, and who are not nor have been at any time before me, your commissioner is not able to understand how he can settle matters of disputes that enter so materially into the settlement of accounts of said estate with the representatives thereof, which settlements never having been made, your commissioner has nothing before him upon which he can predicate individual rights of heirs of William Bean, deceased, or how far the administrators may be indebted to their estate or *vice versa*, hence he is unable to act on that branch of the case before him, and respectfully submits his conclusions and actions in that respect to the court."

Then, after explaining the causes of delay and attributing the same to the persistence of the defendant for further time to produce his evidence and his urgent demand for further delay for that purpose, the commissioner concludes his report as follows:

"Very lately, and during the present session of your Honor's court, the same demand has been made by defendant for the further postponing action in the case to a time beyond the present term of court, but your commissioner is of opinion that it were best to now submit to the court his conclusions from what is before him, though limited and meager, as the surest means of a finality of this vexed controversy, through such action as the judgment of the court may dictate upon his work. He therefore submits the same as follows:

"In the opinion of your commissioner, the plaintiff is entitled to recover of the defendant"—here the amounts and character of certain claims, aggregating $324.70, as of March 8, 1883, which aggregate the commissioner finds due from the defendant to the plaintiff with costs.

Upon the filing of this report on March 20, 1883, the court made an order in the law case alone requiring the parties to show cause "why said award" should not be entered as the judgment of the court.

The plaintiff and defendant both answered the rule, the former insisting that "the award" should be entered as the judgment of the court and the latter excepting and objecting thereto on various grounds, only one ot which need be noticed and that is, that the submission having been made in both suits with the intention and purpose of the parties, that the abitrator should "take and settle all accounts between the plaintiff and defendant, and finally to determine their claims in full against each other," and the award returned, being only as to the matters in the action at law, does not follow the submission, and should, therefore, be set aside.

On July 13, 1883, the court holding, that the objections and answer of the defendant were insufficient, entered judgment in favor of the plaintiff against the defendant for $324.70, the amount of the award, with costs. The defendant excepted and obtained this writ of error.

It does not seem to me that there can be any serious doubt as to the object and purpose of the parties in consenting to refer these suits to arbitration. They were brothers and wished to settle their disputes out of court. The subject matters of both cases were so intimately interwoven and connected that it was not only more convenient but almost essential to the full attainment of justice that they should be settled together and by the same person or tribunal. The two causes being on different sides of the court—the one on the law and the other on the chancery side, they could not be heard together by the court, nor could they be referred together except by entering separately the same order in each case as was done. The order itself requires the arbitrator "to take and settle all accounts between the plaintiff and defendant and finally to determine their claims in full against each other." This language of course could not refer to the claims alone in the law case. They were not "all the accounts" and "claims against each other;" for if so, there were no claims in the chancery suit and it should not have been referred but dismissed. The terms used in the order, *ex vi termini*, embraced all accounts and claims in both suits and all held by either party against the other, whether then filed in either or thereafter produced before the arbitrator. The order could not have been more comprehensive. It was to settle

by arbitration all accounts and claims of the one party against or in favor of the other whatever might be their nature. That such was the intention and is the true interpretation of the order is too apparent for discussion. Such was plainly the construction of it by the arbitrator and he, therefore, as his report shows, acted simply as a commissioner reporting the evidence and facts to the court for its action, and he did not in fact attempt to make an award and the report returned by him shows that he did not consider it an award.

Whether after the order making additional parties to the chancery suit had been made, (if such an order could make the persons therein named parties,) any award could have been made in the suits, is a question not presented by the record and will not be considered, as I am clearly of the opinion that the court erred in entering judgment on the report of the commissioner or award as it is styled by the circuit court.

An award to be valid must follow the submission and embrace all the matters referred, unless withdrawn by the parties or not presented to the arbitrator. And if it omits any material matter embraced by the submission and thereby leaves such matter open for future controversy between the parties it is bad and will be set aside. It must be final and certain and must conclusively adjudicate all matters submitted. If it leaves any such matter for future settlement or dispute it is invalid. *Flaharty* v. *Beatty*, 22 W. Va. 698; Barton's Law Pr. 178; 1 *Id.* Chy. Pr. 556; *Tennant* v. *Divine*, 24 W. Va. 387; *Swann* v. *Deem*, 4 *Id.* 368.

The judgment of the circuit court must, therefore, be reversed, the pretended award set aside and the case remanded to the said court for further proceedings.

REVERSED. REMANDED.