Louis Kabatchnick *vs.* Jacob Hoffman.

Suffolk.   January 17, 1917. — March 2, 1917.

Present: Rugg, C. J., Loring, Braley, De Courcy, & Crosby, JJ.

*Reference and Referee.*

*Whether* there can be a valid oral reference to arbitration of matters in dispute, here
was mentioned as a question not decided in the present case, where, if it were
assumed that such an oral reference would be valid, no valid award was made.

No valid award can be made as to a part only of the matters submitted to
arbitration or reference.

Bill in equity, filed in the Superior Court on August 25 and
amended on October 8, 1915, seeking to restrain the defendant
from interfering with the plaintiff's use of the basement or cellar
of a building numbered 43 Chelsea Street and 3 Gray Street in ·
the part of Boston called Charlestown, the said building with
certain exceptions being let to the plaintiff by the defendant
under a lease in writing dated August 27, 1914, also seeking
"that damages be assessed in favor of the plaintiff against the
defendant for failure to provide two toilets and fixtures as set
forth in the bill" and "that damages be assessed in favor of the ¯
plaintiff because of the nuisance arising from the obnoxious odors
caused by the defendant's use of the demised premises as set ·
forth in the bill."

The defendant's answer as amended, in addition to other al-
leged matters of defence, contained the following:

"And, further answering, the defendant says that, prior to the
bringing of this bill, the defendant and plaintiff had a contro-
versy as to whether (under the lease, the modification thereof,
and all other facts and circumstances of the case) the defendant
had the right to use the entire cellar of the said building or any
part thereof or what part; and that thereupon they, being unable
to adjust and settle said difference themselves, mutually agreed
to submit said controversy to, and abide by, the arbitration, de-
cision and award of two persons named by them; and that the
said arbitrators, after duly hearing the parties and after a careful
examination of the premises in question and of the instruments

between the parties and after due consideration of all the same and of the claims and testimony of the parties respectively, determined, decided and awarded as follows, viz.:

"That the defendant was entitled to and should occupy so much of the cellar of said building as was underneath the store reserved by him in said lease and that the plaintiff was entitled and should occupy the remainder of said cellar; and that the defendant should forthwith construct a partition separating that part of the cellar awarded to himself from the remainder of the cellar under said building and awarded to the plaintiff; and that the defendant should remove all his property into that part of the cellar awarded to him; and that said arbitrators reported to the parties and that thereupon, pursuant to said award the defendant constructed said partition in the manner so awarded and removed all his property into that portion of the cellar so awarded to him and has since confined his use of the said cellar to the portion so awarded to him. And the defendant further says that since said award and since said performance thereof by the defendant, the plaintiff has raised new matters of controversy and in consequence thereof is attempting to repudiate said award."

The case was heard by *Wait*, J. The material evidence is described in the opinion. At the close of the evidence, the plaintiff asked the judge to rule that "On all the evidence there never was a proper and legal arbitration, prior to the bringing of this bill, by the parties." The judge refused to make this ruling and found "that there was a valid oral reference to arbitration of some of the matters recited in the bill as in dispute between the parties, and an award properly made which has been performed by the defendant. As to the other matters I find for the defendant. Consequently the plaintiff cannot maintain his bill and hold[s] under the lease therein set out only so much of the basement in question as lies under his store and between the street walls and the partition placed therein by the defendant after the award."

The judge ordered that a decree be entered dismissing the bill; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*A. Levenson & J. J. Gaffney,* for the plaintiff.

*E. Greenhood & J. Bon,* for the defendant.

CROSBY, J.  The plaintiff, as lessee under a written lease of certain portions of a building to be erected by the defendant, entered into possession upon its completion; and soon afterwards controversies arose between the parties as to their respective rights under the lease.  There was evidence to show that the matters in dispute were referred to arbitrators, and that the attorney for the plaintiff and the attorney for the defendant were agreed upon by the parties as such arbitrators, and they have made an award.

It is the contention of the defendant that the award is binding upon the parties and is a defence to this suit, which is a bill in equity in which the plaintiff seeks, among other things, to restrain the defendant from interfering with the plaintiff's use of the cellar of the building.

At the close of the evidence the plaintiff asked the judge to rule that "On all the evidence there never was a proper and legal arbitration, prior to the bringing of this bill, by the parties." This request was refused, and the judge found "that there was a valid oral reference to arbitration of some of the matters recited in the bill as in dispute between the parties, and an award properly made which has been performed by the defendant.  As to the other matters I find for the defendant."

The defendant's attorney, who, as before stated, was one of the arbitrators, testified that soon after the arbitrators were agreed upon they went to the leased premises and met the parties, who then stated their respective claims; that the plaintiff complained that the defendant was occupying wrongfully the whole of the cellar; that the defendant had not placed sufficient electric light fixtures in his (the plaintiff's) store; that the defendant had failed to install the required number of toilets in the leased premises; that certain doors were not properly fitted nor provided with keys; that the defendant contended he had made an agreement with the plaintiff by which the defendant was to perform certain extra work that was not required under the lease and the plaintiff was to relinquish his claim to occupy any part of the cellar; that the defendant also contended that he was not required to install further electric light fixtures in the plaintiff's store, and that the plaintiff had waived his right to have one of the toilets installed on the second floor.

The arbitrators afterwards made an award in which they determined what portion of the cellar the parties should occupy respectively, and ordered a partition to be built therein by the defendant. They made no award concerning any other matter in dispute between the parties.

If we assume, without deciding, that there could be a valid oral reference to arbitration of the matters in dispute as found by the judge, it is manifest that the award as announced to the parties was confined to a determination of their respective rights to the use of the cellar, and did not include all the matters embraced in the submission. The parties were entitled to a decision upon all the disputed questions submitted by them. The arbitrators properly could not ignore any such matter because deemed of small importance, or for any other reason, without announcing their conclusion with reference thereto.

It is well settled that such an award is invalid. It is no bar to the present suit. *Estes* v. *Mansfield,* 6 Allen, 69. *Smith* v. *Holcomb,* 99 Mass. 552. *Parker* v. *Clark,* 104 Mass. 431. *Camp* v. *Sessions,* 105 Mass. 236.

As the award did not include all matters submitted, there was not a legal and valid arbitration, and the ruling requested by the plaintiff in substance should have been made.

*Exceptions sustained.*