[File No. 5979.]

STATE EX REL. TORKEL NYLAND, Respondent, v. NORTHERN PACKING COMPANY, a Corporation, Appellant.

(244 N. W. 31.)

Opinion filed August 2, 1932.

*H. A. Bronson,* for appellant.

*Lemke & Weaver,* for respondent.

BURKE, J. This is an action upon a purported award against an uninsured employer by the Workmen's Compensation Bureau under § 11 of the Workmen's Compensation Act, § 396A11, Supplement to the Compiled Laws of 1913. There was a judgment for the claimant from which this defendant appeals. Attached to the complaint and made a part thereof is the purported award upon which the action is brought, which is as follows:

## Order and Award.

Now, therefore; this Bureau hereby awards to the claimant against the defendant the sum of $213.71 for temporary total disability, $136.00 for temporary partial disability and $915.20 for permanent partial disability, making a total of $1,264.91; and further awards the sum of $25.00 for medical expenses; and $150.00 for attorney's fees; and $50.00 for costs and expenses, making a grand total of $1,489.91, and this Bureau hereby orders said defendant to pay to the said claimant within thirty days from the date notice thereof is received by said defendant the sum of $1,489.91, and in case of default of the payment of said sum, or any part thereof, the same shall constitute a liquidated claim for damages against said defendant, which sum may be recovered in the name of the state pursuant to the provisions of section 11 of the said Compensation Act; and that the claimant submit to re-examination by a physician on January 1st, 1930, for the purpose of determining whether the permanent partial disability is in excess of twenty per cent of the right leg, and that further and final award be entered following such examination; and it is hereby further ordered

that a certified copy of this award be forthwith transmitted by registered mail to the claimant; and that a copy be transmitted by registered mail to the defendant, The Northern Packing Company, a corporation, Grand Forks, North Dakota.

Dated at the City of Bismarck, County of Burleigh and State of North Dakota, this 2nd day of October, 1929.

North Dakota Workmen's Compensation Bureau.

Joseph A. Kitchen,<br>S. A. Olsness,<br>R. E. Wenzel,<br>James E. Kiley,<br>Commissioners.

Attest:

Elmer Knodel,
      Secretary.

(Seal)
   PAT:
      HM

In the answer the defendant alleges that said award is illegal and without justification in law, and at the beginning of the trial the defendant moved for a judgment on the pleadings, for the reason that the award, as made and as attached to the complaint, appears on its face that it is not final, but is contingent and not a final award. The defendant also moved to dismiss the proceedings on the ground that it appears from the issues that the cause of action, as brought, is premature. Claimant brought this action November 4, 1929, and the purported award was made on the 2nd day of October, 1929. It specifies different sums of money for different disabilities, including costs and expenses, fixed in the sum of $1,489.91, and it then provides that the claimant submit to a re-examination on January 1st, 1930, for the purpose of determining whether the permanent, partial disability is in excess of twenty per cent of the right leg and that the final award be entered following such examination.

It is clear from this language that the Bureau retained jurisdiction over the case until it would be finally disposed of after the examination of the claimant on January 1st, 1930, at which time a final award would be made. It follows that the action of the Bureau, on the 2nd

day of October, was not a final award. The statute contemplates but one award. The statute reads "Any employee, whose employer has failed to comply with the provisions of sections six (6) seven (7) hereof, who has been injured in the course of his employment, wheresoever such injury has occurred, or his dependents, in case death has ensued, may, in lieu of proceeding against his employer by civil action in court, file his application with the workmen's compensation bureau for an award of compensation in accordance with the terms of this act, and the bureau shall hear and determine such application for compensation in like manner as in other claims before the bureau; but the amount of the compensation which said bureau may ascertain and determine to be due to such injured employee, or to his dependents in case death has ensued, together with reasonable costs and attorneys' fees allowed by the bureau, shall be paid by such employer to the person or persons entitled thereto within thirty days after receiving notice of the amount thereof as fixed and determined by the bureau. In the event of the neglect, failure or refusal of the employer to pay such award within said thirty days, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed, which, together with such further costs and attorney fees as may be allowed by the court, may be recovered in an action in the name of the state for the benefit of the person or persons entitled thereto."

This statute gives the injured workman the option of suing his uninsured employer or presenting his claim to the Workmen's Compensation Bureau for adjustment in like manner as in other claims before the Bureau. If the Bureau is unable to make a final award at the first hearing, it may retain jurisdiction until the facts necessary for a final determination of the injuries sustained are before the Bureau for consideration, but the statute does not contemplate more than one award of liquidated damages upon which the injured workman may maintain an action against his employer. It gives him the option of suing directly his employer for damages or suing his employer upon an award as fixed by the Compensation Bureau and so long as the Compensation Bureau has the matter before it for final determination, there is no award upon which an action can be maintained.

"If the arbitrators award in relation to one or more things, . . . or expressly except from the decision a particular matter within the

scope of the submission, the whole award is void." 5 C. J. 145, § 348 and cases cited. Ott v. Schroeppel, 5 N. Y. 482.

" 'Unless an arbitrator renders his award on all matters within the submission, and of which he had notice, the award is wholly void,' and it is essential to the validity of an award that it be final, that is, a termination of the question under arbitration. Further, the award must be certain, so that no reasonable question can be made as to its meaning." 3 Williston, Contr. p. 3276, § 1929; Carnochan v. Christie, 11 Wheat. 446, 6 L. ed. 516; Porter v. Scott, 7 Cal. 312; Buntain v. Curtis, 27 Ill. 374, 379; Stearns v. Cope, 109 Ill. 340; Steere v. Brownell, 113 Ill. 415; McGregor & M. River R. Co. v. Sioux City & St. P. R. Co. 49 Iowa, 604; McNear v. Bailey, 18 Me. 251; Rollins v. Townsend, 118 Mass. 224; Kabatchnick v. Hoffman, 226 Mass. 221, 115 N. E. 309; Harker v. Hough, 7 N. J. L. 428; Jones v. Welwood, 71 N. Y. 208; Young v. Kinney, 48 Vt. 22; Bean v. Bean, 25 W. Va. 604; Blakeston v. Wilson, 14 Manitoba, L. R. 271.

The motion to dismiss should have been granted. The judgment is reversed and the action is ordered dismissed.

CHRISTIANSON, Ch. J., and BIRDZELL and NUESSLE, JJ., concur.

BURR, J. I concur, but state the Board had no right to delay decision for three months. It was its duty to determine the matter when presented.