**Willis W. Harmon, Appellee, v. F. W. Niergarth, Appellant.**

ARBITRATION—*what essential to valid award.* An award to be valid and binding as such must embrace all matters submitted, unless such matters are withdrawn by agreement of the parties, but this rule cannot be invoked to avoid an award where the finding of the arbitrator upon one of the issues submitted is such that it precludes the necessity of the finding upon another issue.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

FRANK B. MCKENNAN, for appellant; WELTY, STERLING & WHITMORE, of counsel.

A. E. DE MANGE and R. C. DE MANGE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in assumpsit by appellee, Willis W. Harmon, against the appellant, F. W. Niergarth, which, upon a trial by the court, without a jury, resulted in a finding and judgment against appellant for $382.35.

In the year 1905, appellee, a contractor, constructed for appellant a dwelling house upon the completion of which, the surviving architect, George H. Miller, accepted the same under the contract, and on December 27, 1905, issued to appellee a final certificate of acceptance and for the payment by appellant to appellee for $1393. Appellant moved into the dwelling house before making the final payment under the architect's certificate and shortly thereafter discovered some defects therein in material or workmanship and made complaint in respect thereto to the architect Miller. On June 23, 1906, Miller notified appellee in writing of the defects existing in the building and informed appellee that the balance of $593 still remaining unpaid on the original contract price, would be withheld until the defects were remedied. Appellee claiming that the defects alleged to exist in the building were due to defective materials furnished by his subcontractor, the Darlington Lumber Co., brought suit against said lumber company to recover the damages alleged to have resulted from the withholding by appellant of the balance of the contract price. The Darlington Lumber Co., being surety for appellee upon his bond to protect appellant under the original contract for construction, and being desirous of settling the suit instituted against it by appellee, and to

secure the sum claimed to be due to it from appellee for materials furnished, and appellee desiring to effect a settlement of the matter in controversy, together with appellant, on April 1, 1907, executed a tri-partite agreement. This agreement provided in substance that the defects in the building as therein indicated should be remedied by the Darlington Lumber Co.; that thereafter said Lumber Company should receive out of the balance of the original contract price withheld by appellant, the amount due said Lumber Company from appellee for material furnished for the construction of the house together with reasonable compensation for any defects cured resulting from defective workmanship, the balance, if any, to be paid to appellee; that appellant should retain from said balance the sum of $121.95 as payment for groceries purchased from him by appellee; that a fulfillment of the agreement should stand as a settlement of the suit brought by appellee against the Lumber Company which suit should be dismissed at the cost of said Lumber Company; that Miller, the architect, should be superintendent of the work of remedying the defects and should determine what defects were due to defective workmanship, the amount to be allowed to the Lumber Company for remedying the defects of workmanship, and whether the repairs made by the Lumber Company overcame the defects and rendered the building complete according to the terms of the original contract.

It was further thereby stipulated and agreed that the decision of Miller upon the matters submitted to his determination should be final and binding upon the respective parties thereto. Subsequent to the execution of this agreement the Lumber Company remedied the defects in the building to the satisfaction of appellant and the architect Miller. On October 15, 1907, Miller, as architect, acting under the tri-party submission to arbitration, made his award, wherein he found in substance that the defects complained of in the con-

struction of the building had been remedied; that out of the balance ($593) due from appellant to appellee under the contract, there should be deducted $121.95 due from appellee to appellant for a grocery account and the remainder be paid by appellant to appellee upon the contract. Upon the refusal of appellant to pay to appellee the amount claimed to be due him under the contract, after deducting the amount due from appellee to the lumber company, for material, appellee brought this suit to recover the same.

It is not controverted in the record that the amount due from appellee to the Lumber Company for material furnished under the contract was $121.90.

It is urged that the court improperly permitted appellee to introduce evidence for the purpose of establishing the amount due him under the contract after deducting the amount due from him to the Lumber Company. If we understand the ground of appellant's contention in this regard, it is that the amount in question should have been determined by the architect in his award, and that the failure of the architect to determine said amount rendered the award void.

It is undoubtedly the rule that an award to be valid and binding, as such, must embrace all matters submitted, unless such matters are withdrawn by agreement of the parties (Steere v. Brownwell, 113 Ill. 415), but this rule cannot be invoked to avoid an award where the finding of the arbitrator upon one of the issues submitted is such that it precludes the necessity of a finding upon another issue. The submission in the case at bar only required the arbitrator to fix the price to be allowed to and charged by the Lumber Company in and about correcting defects in the building in the event that such defects were due to defective workmanship. If the defects were due to defective materials furnished by the Lumber Company, it was bound to remedy such defects at its own cost and expense. A finding therefore that the defects were due to defective material and not to defective workmanship precluded

the necessity of a finding fixing the price to be allowed to and charged by the Lumber Company for correcting such defects.

As the trial was before the court without a jury there was no impropriety in admitting in evidence the statement of the account designated as "Exhibit C," supported as it was by the testimony of appellee as to its correctness. Appellee was entitled to a recovery upon the award and the judgment of the Circuit Court will be affirmed.

*Affirmed.*